IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

DEVIN NAU,

Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   5:22-CR-092 (DNH)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence of 100 years.

## I

## INTRODUCTION

On April 13, 2022, the defendant pled guilty pursuant to a four-count Information charging the defendant with sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251(a) (Counts 1 and 2), and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Counts 3 and 4).   The factual basis for the guilty plea, which is set forth in the Plea Agreement states:

a) At all times relevant to the information, the defendant was living in Cayuga County, New York, which is located in the Northern District of New York.  The conduct described below occurred in Cayuga County.

b) On or about May 21, 2021, the defendant used a female child born in 2010 (V-1) whose identity is known to the defendant, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, the defendant subjected V-1 to mouth to penis contact, and using an iPhone XR cellular telephone, produced a digital picture zoomed in of V-1 being subjected to oral contact with the defendant's penis. The defendant focused the camera of the cellular telephone on the sex act for the purpose of producing a visual depiction of V-1 being subjected to oral contact with the defendant's penis.

c) On or about May 21, 2021, the defendant used a female child born in 2014 (V-2) whose identity is known to the defendant, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, the defendant subjected V-2 to mouth to penis contact, and using the same iPhone XR cellular telephone described above, produced a video of V-2 being subjected to oral contact with the defendant's penis. The defendant focused the camera of the cellular telephone on the sex act for the purpose of producing a visual depiction of V-2 being subjected to oral contact with the defendant's penis.

d) The cellular telephone used to produce the image of V-1 and video of V-2 was manufactured in China and accordingly is material that has been transported in and affecting interstate or foreign commerce

e) On May 21, 2021, the defendant transmitted the above-described digital image of V-1 being subjected to oral contact with the defendant's penis to another individual over the internet using the social media messaging application Kik.

f) On May 21, 2021, the defendant transmitted the above-described video of V-2 being subjected to oral contact with the defendant's penis to another individual over the internet using the social media messaging application Kik.

g) The defendant acknowledges that the iPhone XR cellular telephone, IMEI 35644010633083, manufactured in China listed in the forfeiture allegation of the information and in paragraph 1(g) contained child pornography files involved in the offenses of conviction, and was used to facilitate those offenses, as described above.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum and Minimum Sentences**

Counts 1 and 2: The minimum term of imprisonment is 15 years and the maximum term is 30 years. 18 U.S.C. § 2251(a). Counts 3 and 4: The minimum term of imprisonment is 5 years and the maximum term is 20 years. 18 U.S.C. § 2251A(a)(2)(A). PSR ¶ 112. In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 117; and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 122.[1]

**2.   Guidelines Provisions**

   **a.   Offense Level**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43.   PSR ¶¶ 30-61.

---

[1] The Government agrees with the assessment of the Probation Officer that it appears the defendant does not have the ability to pay a fine.   PSR ¶ 111

3

### b. Acceptance of Responsibility

The Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." PSR ¶ 60.

### c. Criminal History Category

According to the presentence report, the defendant's criminal history category is IV. PSR ¶ 72. The Government agrees with the Probation Office's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the defendant's total offense level is 43 and his criminal history category is IV. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life imprisonment. However, as the statutorily authorized maximum sentence for Counts 1 and 2 is 30 years for each count (720 months), and the statutorily authorized maximum sentence for Counts 3 and 4 is 20 years for each count (480 months), the guideline sentence is 100 years (1200 months). U.S.S.G. § 5G1.2(d)(to the extent that the Guidelines range is above the statutory maximum for the counts of conviction, the sentences imposed shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment.") PSR ¶¶ 113 and 115.

The Guidelines and statutory term of supervised release is no less than 5 years, and up to life, and the Guidelines recommend lifetime supervision. PSR ¶119; U.S.S.G. § 5D1.2.

3. **Forfeiture**

As set forth in the Forfeiture Allegation of the Information and the Preliminary Order of Forfeiture For Specific Property signed by the Court on July 21, 2022, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. §2253.   PSR ¶129.

4. **Restitution**

The minor depicted in the images and videos involved in the defendant's crimes of conviction is a victim of his offense.   Pursuant to 18 U.S.C. §§ 3663A and 2259(b)(4), restitution shall be ordered.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION[2]

The defendant is a 28 year old 6 foot 4 inch 365 pound man[3] who violently and repeatedly vaginally and anally raped and forced oral sex upon a 7 year old female child and an 11 year old female child who were entrusted to his care.   *See* PSR Victim Impact Statements pages 29-37. He did this countless times over the course of 18 months often doing so on a daily basis.   *Id*. When either child attempted to resist his sexual advances or scream out in pain he would resort to

---

[2]   The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).
Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

[3]   *See* PSR ¶ 93.

physical violence to force them to comply or quiet their protests. *Id*. This physical violence including slapping them in the face, spanking them or covering their mouths and noses so they could not be heard crying out in pain and protest. *Id*. Not satisfied with inflicting these daily horrors on the children the defendant also chose to record that abuse, share it with others, brag about it, and trade on their pain and suffering in exchange for videos and images depicting similar violent sexual abuse being committed against other children. PSR ¶¶ 13 and 14.

In some of these chats with like-minded individuals the defendant identified the ages of the victims (7 and 11) and stated that "**I love to hear the oldest scream when I put it in it makes me cum quik**." *Id*. When asked about trading images of his "daughters" the defendant made it clear that his desire was to see other children suffering the way he was making these children suffer and stated he was willing to trade images of their suffering "**for force or scream**" videos and images of other children's sexual abuse. *Id*. These types of statements make it clear that the defendant is not just a hands-on sex offender but a sexual sadist who truly enjoys the pain he is inflicting on his victims. Also troubling is the fact that while discussing his desire to trade the sexual abuse images he created with other's the defendant made the following statements:

> I want to have a son with my daughter my wife isn't really in to it but let's me use my daughters;
>
> I have my wife suck 5 year old off while I play with 11 year old; and
>
> I got real videos of my daughter I looking for a girl who likes incest to breed and have a incest family with my wife. *Id*.

The impact the defendant's lengthy and horrific conduct has had on his victims cannot be overstated. The 11 year old child constantly feels guilty and grief ridden for not having been able to protect her 7 year old sister from the Defendant's violent sexual assaults one of which she

witnessed while attending school remotely on Zoom.  *See* PSR Victim Impact Statement page 30. That child has been denied an opportunity to grow up with her siblings as all 3 have now been permanently separated.  *See* PSR Victim Impact Statement page 31.  She suffers from "constant anxiety," "a loss of control" a sense of isolation, "feels unsafe" and has lost her sense of normalcy and "innocence." *See* PSR Victim Impact Statement pages 30 and 31.

The impact the defendant's conduct has had on his 7 year-old victim is similarly heartbreaking.  In the child's own words "Devin Nau has ruined my life, and I will always hate him for that.  He took away my childhood, my innocence, and he hurt my body repeatedly for over a year.  He made me feel less than human and I am struggling to find my own identity." *See* PSR Victim Impact Statement page 37.  As a result of all the sexual assaults she was forced to endure at the hands of the defendant she now suffers from nausea, nightmares, a fear of taking showers, short term memory loss which is adversely impacting her ability to learn in school, incontinence and a fear of properly cleaning herself after bowel movements because of the pain caused by the anal rapes.  *See* PSR Victim Impact Statement pages 35-37.

This Court is left with the difficult task of determining what an appropriate sentence is for a 28 year old man who so deliberately, violently and gleefully inflicted these horrors on innocent children and then shared these horrors with the others in the hopes that other hands-on abusers would share their sex abuse images with him.  A man who has a history of inflicting violence on the men, women and children of this community.  Violence that has ranged from hitting them with crow bars and shooting them in the face with a bb gun to choking a child. PSR ¶¶ 67-69. A man that has had 16 orders of protection issued against him. PSR ¶77.

7

It is clear that the harm inflicted by the defendant upon his victims is the exact harm that federal child exploitation laws were designed to punish and punish severely. As the Court is well aware, it is this conduct which leads to the never ending further victimization of these children as their images are passed around the internet and they are left to wonder what other people have viewed their victimization for their own sexual gratification.

The victims in this case have asked the Court to sentence the defendant to life in prison. *See* PSR Victim Impact Statements pages 32, 34 and 37. The Government agrees that a guideline sentence of 100 years is certainly appropriate in this matter given the lengthy and heinous nature of the defendant's conduct. If the Court were to consider a non-guidelines sentence, the Government would ask that such a sentence clearly take into account the unique harm inflicted by the defendant on both Victim 1 and Victim 2 and the need to protect society from the defendant. In doing so, the government would ask the court to impose a 50 year term of imprisonment which is half of what the Guidelines recommends, takes into account both the sexual exploitation and subsequent distribution of the images of both victims and is only 10 years greater than the statutory mandatory minimum for each count (40 years) if the sentence on each count is served consecutively as recommended by the Guidelines. Such a sentence would help ensure that the victims in this case can move forward, minimizes the chance that the defendant can inflict additional horrors on future generations of children and is not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

Finally, the record reveals no mitigating factor not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases in considering the Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 352 (2007), nor any factor that would

suggest that anything but a Guidelines sentence is warranted for this defendant. The Government maintains that all of the facts set forth above, and in greater detail in the PSR, present this Court with ample reason to impose a Guidelines sentence "as opposed to some lower sentence," to "deter an offender like [Nau]," and that such a sentence is not only reasonable, but warranted, and clearly, applying the Guidelines with "great care," justified. *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

Dated:   November 28, 2022                              Respectfully submitted,

                                                                                    Carla B. Freedman
                                                                                    United States Attorney

                                                                                    */s/ Geoffrey J.L. Brown*
                                  By:    Geoffrey J.L. Brown
                                                           Assistant U.S. Attorney
                                                           Bar Roll No. 513495